# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO.: 5:03-cr-19

BARNEY CLINTON WOOD,

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the United States Probation Office's ("USPO") Petition for Revocation of Defendant's term of supervised release. (Doc. 24.) For the reasons and in the manner set forth below, I hereby **VACATE** the March 15, 2017, Order and Report and Recommendation and enter the following in its stead.

The Court conducted a preliminary hearing on February 16, 2017. (Doc. 31.) The Honorable William T. Moore, Jr., referred this matter for recommended disposition, pursuant to 18 U.S.C. § 3401(i), and the Court conducted revocation proceedings on March 13, 2017. Following that hearing, I issued a Report on March 15, 2017, wherein I recommended the Court revoke Defendant's current term of supervised release, find by a preponderance of the evidence that Defendant committed Violation Number 2 of the USPO Petition, and dismiss Violations Numbered 1, 3, and 4 of the USPO Petition. I also recommended the Court sentence Defendant to serve a period of four (4) months' custodial imprisonment and thirty-two (32) months' supervised release, for a total sentence of thirty-six (36) months, and recommended the imposition of additional terms on this period of supervised release. I also recommended Defendant receive credit against any sentence imposed for time served pursuant to his arrest on

the USPO's Petition, to begin on the date of his arrest on January 10, 2017, and ending on the date of final disposition of this Report and Recommendation. 18 U.S.C. § 3585(b). I further recommended that, to the extent those recommendations were adopted and to the extent practicable, the Bureau of Prisons designate Defendant's place of incarceration to be in the vicinity of Waycross, Georgia. (Doc. 34, pp. 1–2, 6–8.) Neither Defendant nor the Government filed objections to the Report and Recommendation.

However, a review of the record and proceedings in this case revealed that Defendant had not been provided with the opportunity to address the Court prior to the recommended imposition of sentence. Thus, the Court scheduled an allocution hearing in this case, and, on April 18, 2017, Defendant, his counsel, Assistant United States Attorney ("AUSA") Carlton Bourne, and United States Probation Officer Tim Williams appeared before the Court. The Court presented Defendant with the opportunity to directly address the Court prior to any final recommendations in this case. At that time, Defendant addressed the Court and requested he be allowed to access the Internet during his supervised release term for the limited purposes of completing training for a job he had taken to supplement his income and for the sale of the products associated with this job. Officer Williams lodged objections to this request and cited the difficulty the USPO would have in monitoring Defendant's Internet access, even on a limited basis, if the Court were to grant Defendant's request. In considering this request, the Court noted Defendant's problems associated with the Internet in the past and Officer Williams' concerns regarding the inability to monitor Defendant's internet usage. The Court concluded it would not be in the public or Defendant's best interests if he were granted any access to the Internet while on supervised release. The Court repeatedly provided Defendant with an opportunity to further

address the Court to provide any information, including any information in mitigation of the sentence.

After review of the record and consideration of the evidence, testimony, the parties' stipulation, and Defendant's request voiced at the allocution hearing, I **RECOMMEND** the Court **REVOKE** Defendant's current term of supervised release, **FIND** by a preponderance of the evidence that Defendant committed Violation Number 2 of the USPO Petition, and **DISMISS** Violations Numbered 1, 3, and 4 of the USPO Petition. I also **RECOMMEND** the Court sentence Defendant to serve a period of four (4) months' custodial imprisonment and thirty-two (32) months' supervised release, for a total sentence of thirty-six (36) months, and impose additional terms on this period of supervised release, as set forth herein. I also **RECOMMEND** Defendant receive credit against any sentence imposed for time served pursuant to his arrest on the USPO's Petition, to begin on the date of his arrest on January 10, 2017, and ending on the date of final disposition of this Report and Recommendation. 18 U.S.C. § 3585(b). I further **RECOMMEND** that, to the extent this Recommendation is adopted and to the extent practicable, the Bureau of Prisons designate Defendant's place of incarceration to be in the vicinity of Waycross, Georgia.[1]

## BACKGROUND

On October 10, 2003, the United States of America indicted Defendant for: production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(4); receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). (Doc. 1.) Defendant pled guilty to the receipt of child

---

[1] At the hearing conducted on March 13, 2017, counsel requested that Defendant be incarcerated at the Federal Correctional Institution in Jesup, Georgia. However, the Court recognizes, as a practical matter, Defendant will likely complete his term of incarceration before he is transferred to a federal correctional facility.

pornography charge, and Judge Moore sentenced Defendant to 135 months' imprisonment. Judge Moore adjusted Defendant's sentence to 109 months' and 21 days' imprisonment based on Defendant's period of incarceration he had already served on state charges that would not be credited against his federal sentence. Defendant's federal sentence was to run concurrently with the remaining portion of his state sentence. (Doc. 23, p. 2.) Judge Moore imposed a term of three years' supervised release. (Id. at p. 3.)

The USPO began supervision of Defendant on February 3, 2016. (Doc. 24, p. 1.) On December 15, 2016, the USPO submitted a Petition for Warrant of Summons for Offender Under Supervision and alleged Defendant had violated certain special conditions of his supervised release. Specifically, the USPO asserted Defendant disclosed during a polygraph examination conducted on November 30, 2016, that he: had been alone and unsupervised around minors when he was in the restroom of his church; visited and loitered in places where he would likely have unsupervised contact with minors, such as the mall and mall food court; searched the Internet for playgrounds, public swimming pools, and parks near his home; accessed computers at the public library and at a friend's house without permission to do so from his Probation Officer; had queried the Internet using search terms which yielded results for children and adults in the nude; and communicated with a minor via a cellular telephone and text messaging without permission of his Probation Officer. (Id. at pp. 1–2.) The Court issued a warrant for Defendant's arrest on January 4, 2017. (Id. at p. 3; Doc. 25.)

The United States Marshals Service arrested Defendant on January 10, 2017. (Doc. 26.) Defendant appeared before United States Magistrate Judge Charles Weigle in the Middle District of Georgia for his initial appearance on the probation revocation charges on the same date as his arrest, and Defendant's revocation proceedings were removed to this Court, which is the district

of his conviction. (Doc. 27.) This Court conducted a preliminary revocation hearing on February 16, 2017, at which David Simmons and Todd Garrett, both of whom are with the USPO in Macon, Georgia, appeared and testified. Officer Simmons testified that random searches of Defendant's laptop, iPad, and smart phones were conducted on October 17, 2016, as a condition of Defendant's supervised release, which revealed search terms and images expressly forbidden by the terms of Defendant's supervised release. The officers testified that Defendant admitted to accessing the Internet without permission at the public library and at a friend's house. After hearing from the Government and Defendant's counsel, the Court found probable cause existed to believe Defendant had violated the conditions of his supervised release and directed that the case proceed to a final revocation proceeding. The Court conducted a revocation proceeding on March 13, 2017.

At that revocation proceeding, AUSA Scarlett Nokes announced that the Government and Defendant reached an agreement whereby Defendant would stipulate to having committed Violation Number 2 of the USPO's Petition (use of computer without permission), and the Government would move to dismiss Violations Numbered 1, 3, and 4 of the Petition. AUSA Nokes recommended Defendant be sentenced to five (5) months' imprisonment, with credit for time served since Defendant's arrest on January 10, 2017, and twenty-four (24) months' supervised release to follow this term of imprisonment. Defendant's counsel, Sean Simmons, informed the Court that AUSA Nokes' presentation of the parties' agreement was accurate. The Court reminded Defendant of his rights and whether he understood and was willing to waive those rights through this agreement. Defendant stated he understood his rights and wished to waive those rights, that he had discussed this matter with his attorney, that he was satisfied with his attorney's representation, and that no one had coerced or pressured him to enter into this

5

agreement with the Government. Defendant did not object to the Government presenting evidence of a factual basis for the stipulation by proffer.

AUSA Nokes proffered that Mr. Peel, a polygrapher, who was present at the hearing, would testify to Defendant having admitted during the polygraph examination on November 30, 2016, that he used a computer at the library and at his friend's house to access the Internet without permission. The Court inquired of Defendant whether the Government would be able to prove its proffer, whether he understood the Government's recommendation as to sentencing was only a recommendation to the Court, and whether he was still willing to stipulate to having committed Violation Number 2. Defendant answered each question in the affirmative.

The Court found Defendant was aware of his rights and had been assisted by able counsel. The Court also found that there was sufficient factual support to find that Defendant had committed Violation Number 2, such as the evidence presented during the preliminary hearing, the Government's proffer, and Defendant's stipulation. In addition, the Court found good cause to recommend the dismissal of Violations Numbered 1, 3, and 4 pursuant to the Government's motion and Defendant's stipulation. AUSA Nokes noted the United States Sentencing Guidelines' range called for three to nine months' imprisonment, and the Government recommended the Court sentence Defendant to five (5) months' imprisonment, to be followed by twenty-four (24) months' supervised release. Defendants requested he be allowed to serve his sentence on home confinement or, in the alternative, at the Federal Correctional Institution in Jesup, Georgia.

As noted above, a review of the record revealed that the Court had not provided Defendant the opportunity to directly address the Court. Thus, the Court conducted the

allocution proceeding on April 18, 2017, at which time Defendant addressed the Court to request limited Internet access.

**DISCUSSION**

"A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e) of this title." 18 U.S.C. § 3401(i). After consideration of certain sentencing factors[2], the court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" "if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release[.]" 18 U.S.C. § 3583(e)(3).

There is a preponderance of the evidence that Defendant violated a condition of his supervised release, i.e., Special Condition Number 5 of his Judgment, which prohibited Defendant from possessing or using a computer "with access to any on-line service at any location without prior written approval of the probation officer." (Doc. 23, p. 4.) The parties stipulated to the fact that Defendant violated this condition. Additionally, Defendant admitted to such use to USPO Officers and during a polygraph examination. In addition, United States Probation Officers testified regarding Defendant's violation during the preliminary hearing proceedings, and the Court determined there was probable cause to hold these proceedings over for a final revocation hearing. Further, the Government used Defendant's admission as part of

---

[2] See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

its proffer before the Court during the revocation proceedings, and Defendant voiced no objection to the use of this admission. As there is ample evidence to believe Defendant violated the conditions of his supervised release term, I **RECOMMEND** the Court revoke Defendant's current supervised release term.

## CONCLUSION

I hereby **VACATE** my March 15, 2017, Order and Report and Recommendation, (doc. 34), and enter this Order and Report and Recommendation in its stead. Upon review of the evidence before the Court, the parties' stipulation, Defendant's request during the allocution portion of these proceedings, and consideration of the applicable Section 3553 sentencing factors and the Government's recommendation and Defendant's sentencing request, I **RECOMMEND** the Court find by a preponderance of the evidence that Defendant violated the conditions of his supervised release, as set forth in Violation Number 2 of the USPO's Petition. I also **RECOMMEND** the Court **DISMISS** alleged Violations Numbered 1, 3, and 4 of the USPO's Petition. I **RECOMMEND** the Court **REVOKE** Defendant's current supervisory release term and impose a thirty-six (36) month sentence upon Defendant, which is the maximum sentence allowable. 18 U.S.C. § 2252(a)(2) (maximum supervised release term allowable is three years); 18 U.S.C. § 3583(e)(3); (Doc. 2.) I also **RECOMMEND** Defendant serve four (4) months' time in a custodial setting, with credit for time served, and the remaining thirty-two (32) months' time on supervised release.[3] In addition to the mandatory and standard conditions of supervised release, I further **RECOMMEND** the Court attach the following special conditions to Defendant's supervised release terms:

---

[3] This recommended term of supervised release is greater than that recommended by the Government at the revocation hearing conducted on March 13, 2017. However, given numerous factors in this case, including Defendant's original offense, his past conduct, and the facts underlying the present Petition, it is appropriate for Defendant to be monitored for this longer period.

1.      Defendant shall register as a sex offender with appropriate federal, state, and local authorities and shall comply with all registration requirements.

2.      Defendant shall attend and participate in a sex offender treatment program. Defendant shall abide by all rules, requirements, and conditions of the treatment program, to include random polygraph examinations. Defendant shall submit to a polygraph examination at the commencement of the term of supervised release to establish a baseline and subsequent examinations thereafter, as prescribed by the USPO. The costs of treatment shall be paid by Defendant in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment.

3.      Defendant shall not possess, access, subscribe to, or view any videos, magazines, literature, photographs, images, drawings, video games, or Internet websites depicting children or adults in the nude and/or engaged in sexual activity.

4.      Defendant shall not have contact with anyone under the age of 18 unless accompanied by a responsible adult (approved by the Probation Officer) who is aware of Defendant's background and current offense. Contact is defined as person-to-person, over the telephone, through the mail, over the Internet, and third-party contact.

5.      Defendant shall not possess or use a computer or any type of electronic device with access to any on-line service at any location. This prohibition includes any Internet service provider, any bulletin board system, or any other public or private computer network. Defendant shall not possess or use any computer for employment purposes. Defendant shall consent to third-party disclosure to any employer or potential employer of any computer-related restrictions imposed by the Court.

6.      Defendant shall participate in a program of testing for drug and alcohol abuse. Further, Defendant shall not tamper with any testing procedure.

7.      Defendant shall submit his person, property, house, residence, office, papers, vehicle, computers (as defined in 18 U.S.C. § 1030(e)(1)), or other electronic communications or data storage devices or media to a search conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation. Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

8. A curfew is imposed as a special condition of supervised release. Defendant shall comply with the conditions of a curfew from 10:00 p.m. until 6:00 a.m. for the period of supervision. During this time, Defendant will remain at his place of residence at all times and shall not leave except when such leave is approved in advance by the Probation Officer.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **seven (7) calendar days** of the date on which this Report and Recommendation is entered.[4] Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

---

[4] As noted on the record at the hearing and agreed to by the parties, this limited time for objections is necessary due to Defendant's impending release.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of April, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA